UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FRANCIS A. ZARRO, JR.,

                            Plaintiff,

  -v.-                                                 1:06-CV-1166
                                                             (GLS)(DRH)

ELIOT SPITZER, *et al.*,

                            Defendants.

---

APPEARANCES:

FRANCIS A. ZARRO, JR.
04-A-6204
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Box 2071
Wilton, New York 12831
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## **DECISION and ORDER**

      Presently before the Court is an amended complaint filed by plaintiff Francis A. Zarro, Jr.  Dkt. No. 7.  This amended complaint was filed by Zarro in compliance with the Order issued by this Court on October 31, 2006 ("October Order").  Dkt. No. 5.  For the reasons discussed below, the Court finds that the amended complaint fails to state a claim upon which relief may be granted and, therefore, dismisses this action.

The October Order advised Zarro that his claims were barred because he failed to show that this conviction had been overturned. *Id.* at 5. Zarro was also advised that his claims appeared to be barred by the statute of limitations and that several defendants were not state actors and thus were not liable under 42 U.S.C. § 1983. *Id.* at 4.

In his amended complaint, Zarro continues to assert that the defendants engaged in an unlawful investigation and malicious prosecution of Zarro. Zarro alleges various violations of his constitutional rights, including unlawful search and seizure, witness tampering, evidence tampering, and false imprisonment. Zarro was advised by the October Order that these claims are barred because he failed to show that his conviction has been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). In *Heck*, the Supreme Court held that a claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *See id.* at 486-87 (explaining that to recover damages for "an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254"); *see also Channer v. Mitchell*, 43 F.3d 786, 788 (2d Cir. 1994) (affirming a *Heck*-based dismissal of § 1983 claims in which the plaintiff claimed he was unconstitutionally convicted as a result of police officers' perjury and coercion of witnesses because he had failed to establish that his conviction had been reversed); *Cameron v. Fogerty*, 806 F.2d 380, 386-89 (2d Cir. 1986) (dismissing § 1983 suit against police officers for unlawful arrest because conviction gave officers complete defense); *Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction was valid).

Zarro alleges that his claims are not precluded by *Heck* because he was acquitted of "25 of the counts" on which he was tried, which "constitute a final termination" in his favor. Dkt. No. 7 at ¶ 29. The dispositive factor in the *Heck* inquiry, however, is whether judgment in favor of the prisoner would "necessarily imply" the invalidity of the conviction or sentence. *Gastelu v. Breslin*, No. 03-CV-1339, 2005 WL 2271933, at *2 (E.D.N.Y. Sept. 12, 2005) (citing *Heck*, 512 U.S. at 487). If so, the complaint must be dismissed unless

the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. Zarro's claims clearly implicate the validity of his conviction. Zarro has not demonstrated that his criminal conviction has been reversed. Thus, Zarro's claims are not cognizable under § 1983 and must be dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is **DISMISSED**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Zarro by regular mail.

IT IS SO ORDERED.

December 6, 2006
Albany, New York

_____
United States District Court Judge