**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**FRANCIS A. ZARRO, JR.,**

            **Plaintiff,**           **1:06-CV-1166
                                                        (GLS/DRH)**

            **v.**

**ELIOT SPITZER; ERIC DINALLO;
TOWN OF COLONIE POLICE
DEPARTMENT; SCOTT ANDERSON;
REBECCA MULLANE; RHONDA
LUSTMAN; RICHARD FRIEDMAN;
JOHN SEGALLA, MALCOM TAUB;
JOHN DOE,** *a Detective in the Police
Department in the Town of Colonie,
New York*; **KEELER MOTOR CARS,
INC.; SANDY KEELER; TOM TUREEN;
THINK ABOUT IT MAINE;
CORNERSTONE PRIVATE CAPITAL;**
*and* **COUNTRY CLUB FUNDING,**

                     **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

FRANCIS A. ZARRO, JR.
*Pro Se*
04-A-6204
Mt. McGregor Correctional Facility
1000 Mt. McGregor Road
Box 2071
Wilton, NY 12831

**FOR DEFENDANTS:**

NO APPEARANCES ON RECORD

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Background

Zarro initially filed this action, together with an *in forma pauperis* ("IFP") application, in September of 2006, asserting various constitutional claims under 42 U.S.C. § 1983. (See Dkt. No. 1.) Shortly thereafter Zarro sent two letters to the court indicating that he wished to withdraw his IFP application. (Dkt. Nos. 4, 6.) Correspondingly, Zarro paid the requisite $350 filing fee out of his inmate account.

Through some error, the court was unaware of Zarro's request to withdraw his IFP application. As such, the court granted Zarro IFP status on October 30, 2006. (Dkt. No. 5.) Additionally, the court ordered Zarro to amend certain defects in his complaint or face dismissal of his action pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id*. Specifically, the court noted, *inter alia*, that Zarro's complaint was defective because it sought to recover damages for claims arising out of Zarro's conviction despite the absence of

2

any indication that the conviction had been invalidated, as required by *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  *Id.*  Subsequently finding Zarro's amended complaint to be similarly inadequate under *Heck,* the court dismissed the action in its entirety.  (Dkt. No. 8.)  Zarro then timely appealed the court's decision to the Second Circuit.  (Dkt. No. 10.)

The Circuit reversed in part, reinstating Zarro's third, fifth, ninth and tenth claims, as well as portions of his eleventh and thirteenth claims,[1] upon a finding that these causes of action did not attack his conviction in violation of *Heck* when construed liberally. (Dkt. No. 16.)  On remand this court ordered Zarro to file a new complaint within thirty days, setting forth only those causes of action which the Circuit ruled were viable.  (Dkt. No. 20.)  In compliance with this order, Zarro has now filed a second amended complaint which sets forth only those causes of action reinstated by the Circuit.[2]  (Dkt. No. 22.)

---

[1] Zarro inadvertently enumerates both the eleventh and twelfth claims in his first amended complaint as "Count Eleven" and mislabels his thirteenth cause of action as "Count Twelve."  (See Dkt. No. 7.)  Reference herein to the eleventh claim corresponds to the initial "Count Eleven" enumerated in the first amended complaint, while reference to the thirteenth claim corresponds to "Count Twelve" in the first amended complaint.

[2] Zarro's second amended complaint also adds and deletes certain defendants from the first amended complaint.  While neither the Circuit nor this court indicated that Zarro could so alter the named defendants, the court will allow the change, given that it was not expressly prohibited and no defendant has yet been served in the action.

3

Presently, the court addresses the propriety of Zarro's continued IFP status, as well as his July 31, 2008 letter request seeking to have his second amended complaint and summons served upon the defendants, which the court has construed as a request for a court appointed process server pursuant Fed. R. Civ. P. 4(c)(3).[3]  (Dkt. No. 23.)

## II. Discussion

As discussed above, the court inadvertently allowed Zarro to proceed in this action IFP despite his payment of the requisite filing fee and request that his IFP application be considered withdrawn.  Now realizing the error, it is initially necessary for the court to make clear that Zarro's IFP status is hereafter revoked, both at his request and because his payment of the filing fee reveals that allowing him to proceed in such a posture is inappropriate.

Correspondingly, Zarro's request that his summons and complaint be served upon the defendants is denied.  Federal Rule of Civil Procedure 4(c)(3) mandates that the court appoint a United States Marshal or other appropriate person to effect service of process only when requested by a

---

[3] The court has previously addressed and stricken Zarro's July 31, 2008 letter request to the extent it sought to file and have the court serve discovery demands on the defendants.  (See Dkt. Nos. 23-25.)

4

plaintiff proceeding IFP. *See* FED. R. CIV. P. 4(c)(3). *See also Nagy v. Dwyer*, 507 F.3d 161, 163-64 (2d Cir. 2007). However, where a plaintiff is not proceeding IFP, such as is the case for Zarro now, the decision whether to grant such a request for a court appointed process server is discretionary. *See* FED. R. CIV. P. 4(c)(3)

In guiding courts in the exercise of this discretion, the advisory committee notes to Rule 4 indicate that "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace, the court should appoint a marshal or deputy or other official person to make the service." FED. R. CIV. PRO. 4(c) advisory committee's notes to 1993 amendments. A court appointed process server may also be appropriate where the plaintiff is unable to resort to private options for the effectuation of service. *See, e.g., Rose v. Abraham*, No. 1:08-CV-606, 2008 WL 3540542, at *4 (E.D. Cal. Aug. 13, 2008). In the present instance, there is no evidence that an official process server is necessary to keep the peace, nor that Zarro is unable to effectuate service privately simply because of his incarceration. Accordingly, the court's appointment of a process server here is unnecessary and improper.

Finally, because Zarro was previously proceeding IFP - likely with the

justified expectation that his summons and complaint would be served by the Marshals - the court will allow him the full 120 days provided under FED. R. CIV. P. 4(m) to properly serve the defendants, running from Zarro's receipt of this order. Let this serve as warning that his failure to do so will result in the immediate dismissal of his action against any defendants not properly served.

### III.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's *in forma pauperis* status is hereby **REVOKED**; and it is further

**ORDERED** that plaintiff's request for a court appointed process server (Dkt. No. 23.) is **DENIED**; and it is further

**ORDERED** that plaintiff properly serve those defendants named in the caption of his current complaint within one hundred and twenty (120) days of receiving this order, or face immediate dismissal of his action; and it is further

**ORDERED** that the Clerk of the Court revise the docket to reflect only those parties named in the caption of this order; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order

6

to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: September 22, 2008

                                                  Gary L. Sharpe
                                                  U.S. District Judge